UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                                     Plaintiffs<br><br>                 - against -<br><br>CLASSIC HARBOR LINE LLC<br><br>                                     Defendant | 17 Civ. 3097<br>**COMPLAINT**<br><br><br><br>**JURY DEMAND** |

Plaintiff, EDWIN ZAYAS, complaining through his attorneys from the Law Offices of James E. Bahamonde, respectfully alleges against Defendant:

## NATURE OF THE CASE

1.      In violation of well-settled, twenty-six-year-old law, Defendant has chosen a policy not to remove a variety of unlawful architectural barriers which exist at its public accommodation. Instead, Defendant has chosen to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of Defendant's public accommodation.

2.      Plaintiff files this action for himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin. Code § 8-107, *et seq*.

3.      Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendant.

**VENUE AND JURISDICTION**

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as

this action involves federal questions regarding the deprivation of Plaintiff's rights under the

ADA.

5.      The Court has supplemental jurisdiction over Plaintiff's allegations arising from

Defendant's state law violations pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201

and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

**PARTIES**

8.      That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this

complaint, a resident of New York County, New York.

9.      Plaintiff is paralyzed and cannot walk. As a result, he uses a motorized wheelchair for

mobility.

10.     Defendant CLASSIC HARBOR LINE LLC is a New York domestic limited liability

company authorized by the Secretary of the State of New York to do business in New York State

with its principal County of business designated as New York County.

11.     Defendant CLASSIC HARBOR LINE LLC owns, controls, or leases the commercial

property which houses their public accommodation named Classic Harbor Line located at 62

Chelsea Piers #103, New York, NY 10011 (hereinafter 'facility').

**CLASS ACTION**

12.     Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all

those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA, New York City Human Rights Law and New York State Human Rights Law.

13.    Plaintiff, complaining for himself and all others similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14.    References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs, and each member of the Class, unless otherwise indicated.

## STATUTORY SCHEME

15.    The 2010 United States Census indicates that more than 56.6 million persons in the United States have a disability.  The 2010 US Census also indicates that more than 1.39 million New Yorkers have a mobility disability.

16.    The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

17.    It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

18.    The ADA, New York State Human Rights Law, and New York City Human Rights Law

requires a public accommodation to be readily accessible to and usable by a disabled individual.

19.    Defendant is required to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations on the basis of disability.

20.    Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA, New York State Human Rights Law, and New York County Administrative Code.

21.    The ADA requires a public accommodation to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

22.    The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

23.    The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law.  Property leases which contain contradictory language is superseded by the ADA.

24.    Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

**FACTUAL BACKGROUND**

25.    Defendant's public accommodation is a boating company offering sightseeing tours on the waterways of the City of New York.

26.    Defendant operates a boating sightseeing company at the Chelsea Pier.

27.    Individuals who would like to take a sightseeing tour given by Defendant must embark on one of several of Defendant's boats at Chelsea Pier.

28.    In 2016 and 2017, Plaintiff wanted to embark on Defendant's boat docked at the Chelsea Pier. However, he was unable to because the movable bridge linking the ship to the shore was inaccessible to a wheelchair.

29.    In or around July 2016, Plaintiff asked Defendant's employee if Defendant had an accessible gangway. In response, Defendant's employee said no. Further, Defendant's employee said the only way Plaintiff can enter the boat is if they carried him independent of his wheelchair and placed him onto a regular chair on the boat. Defendant's employee said Plaintiff could not bring his wheelchair onto the boat.

30.    Plaintiff resides less than 5 blocks away from Defendant's public accommodation and is frequently near Defendant's facility.

31.    Plaintiff is deterred from visiting Defendant's public accommodation because of the existing accessibility barriers.

32.    Plaintiff has the intention to return to Defendant's public accommodation once it becomes readily accessible to and usable.

33.    The removal of existing architectural barriers is readily achievable.

34.    To date, Defendant has failed to remove the architectural barriers or provide a reasonable accommodation.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)
(Injunctive Relief)

35.    Defendant's facility named Classic Harbor Line located at 62 Chelsea Piers #103, New York, NY 10011 is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

36.    Defendant has failed to make adequate accommodations and modifications to its public accommodation named Classic Harbor Line located at 62 Chelsea Piers #103, New York, NY 10011.

37.    Defendant has failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

38.    There exist readily achievable modifications which would make Defendant's public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

39.    Defendant failed to make the necessary readily achievable modifications to its public accommodation.

40.    Upon information and belief, since 1992, Defendant facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

41.    It is not impossible for Defendant to remove the architectural barriers which exist at its facility.

42.    Upon information and belief, Defendant's public accommodation was first occupied after January 26, 1993.

43.    Defendant failed to design and construct its facility that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

44.     It is not structurally impracticable for Defendant's facility to be accessible.

45.     Defendant failed to alter its facility to the maximum extent feasible in violation of 42

U.S. Code § 12183(a)(2).

46.     Defendant's facility is not fully accessible to, or readily useable by individuals with

disabilities.

47.     Features of Defendant's public accommodation inaccessible to Plaintiff, and others

similarly situated, are including but not limited to:

> a.     Defendant does not provide at least one accessible route within the site from
>        public streets and sidewalks; and public transportation stops to the accessible
>        building or facility entrance they serve in violation of the ADA Accessibility
>        Guidelines, 36 C.F.R. Part 1191 Appendix B § 206.2 .1.
>
> b.     Defendant does not provide an accessible means of egress to their boats in
>        violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B
>        § 207.1.
>
> c.     Defendant does not provide an accessible route to embark onto their boats in
>        violation of 28 CFR §§ 36.401(a) and 36.403(e) and ADA Accessibility
>        Guidelines, 36 C.F.R. Part 1191 Appendix D § 1003.2.
>
> d.     Defendant provides insufficient maneuvering clearance perpendicular to embark
>        or enter its boats in violation of the ADA Accessibility Guidelines, 36 C.F.R.
>        Part 1191 Appendix D § 404.
>
> e.     The gangway Defendant offers to the public to embark onto its boats is
>        inaccessible in violation of the ADA.
>
> f.     Defendant provides insufficient maneuvering clearance to enter and embark
>        onto its boats.
>
> g.     Upon information and belief, Defendant's bathrooms are inaccessible in
>        violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D.

48.     Defendant has discriminated against Plaintiff, and all others similarly situated, on the

basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of its public accommodation in violation of 42 U.S. Code §

12182(a).

49.     Defendant has subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

50.     Defendant has afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

51.     Defendant has provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

52.     Defendant has not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

53.     Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

54.     Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

55.     Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

56.     Defendant should have achieved accessibility by January 26, 1992.

57.     The barriers to access Defendant's facility continue to exist.

58.     Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

59.     Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendant's program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

(Injunctive Relief and Damages on Behalf of Plaintiffs)

60.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

61.     Defendant's facility named Classic Harbor Line located at 62 Chelsea Piers #103, New York, NY 10011 is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

62.     Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

63.     Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

64.     Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld

from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their

public accommodation.

65.     Defendant has demonstrated that the patronage or custom thereat of Plaintiff and others

similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

66.     Defendant and its agents discriminated against Plaintiff in violation of New York

State Human Rights Law § 296.

67.     Defendant discriminated against Plaintiff by creating, fostering, and otherwise failing to

prevent or remedy the discrimination against Plaintiff, in violation of New York State Human

Rights Law § 296.

68.     As a direct and proximate result of Defendant unlawful discrimination in violation of

the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental

anguish and emotional distress.

### THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)
(Statutory Damages on Behalf of Plaintiffs)

69.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

70.     On the basis of Plaintiff's disability, Defendant has violated his Civil Rights.

71.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights

Law § 40-c and 40-d, in the amount of $500 for each and every violation.

72.     Pursuant to NY Civil Rights law, Defendant is guilty of a class A misdemeanor.

73.     Notice of the action has been served upon the Attorney-General as required by Civil

Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))
(Injunctive Relief and Damages on Behalf of Plaintiffs)

74.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

75.     Defendant's facility named Classic Harbor Line located at 62 Chelsea Piers #103, New

York, NY 10011 is a place or provider of public accommodation within the meaning of New

York City Administrative Code § 8-102(9).

76.     In violation of New York City Admin. Code § 8-107(4), Defendant has not reasonably

accommodated Plaintiff and others similarly situated.

77.     In violation of New York City Admin. Code, Defendant has unlawfully discriminated

against Plaintiff and all others similarly situated.

78.     In violation of New York City Admin. Code, the owner, lessee, proprietor,  manager,

agent and employee of Defendant's public accommodation, have, because of the actual or

perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied

Plaintiff the accommodations, advantages, facilities or privileges thereof.

79.     In violation of New York City Admin. Code, on the basis of Plaintiff's disability,

Defendant has demonstrated that the patronage or custom of Plaintiff and all others similarly

situated, is unwelcome, objectionable, and not acceptable.

80.      Pursuant to New York City Human Rights Law § 8-502, notice of this action has been

served upon New York City's Commission on Human Rights.

81.     As a direct and proximate result of Defendant disability discrimination in violation of

the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental

anguish and emotional distress, including but not limited to depression, humiliation, stress,

embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering.

## FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages on Behalf of Plaintiffs)

82.    Plaintiff realleges and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

83.    Reasonable accommodations and modifications are necessary to enable Plaintiff and all

others similarly situated the ability to enjoy the non-restricted access and use of the public

accommodation in question.

84.    Defendant failed to provide Plaintiff reasonable accommodations and modifications in

violation of NYC Human Rights Law 8-107(15).

85.    In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-

107(15), Defendant has not reasonably accommodated Plaintiff and others similarly situated.

86.    In violation of New York City Admin. Code, Defendant has unlawfully discriminated

against Plaintiff and all others similarly situated.

87.    Reasonable accommodations and modifications are necessary to enable Plaintiff and all

others similarly situated the ability to enjoy the non-restricted access and use of the public

accommodation in question.

88.    In violation of New York City Admin. Code, the owner, lessee, proprietor, manager,

agent and employee of Defendant's public accommodation, have, because of the actual or

perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied

Plaintiff the accommodations, advantages, facilities or privileges thereof.

89.    In violation of New York City Admin. Code, Defendant has demonstrated that, because

of Plaintiff's disability, the patronage or custom of Plaintiff and all others similarly situated, is

12

unwelcome, objectionable, and not acceptable.

90.     As a direct and proximate result of Defendant disability discrimination in violation of

the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental

anguish and emotional distress, including but not limited to depression, humiliation, stress,

embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief)**

91.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

92.     Plaintiff is entitled to a declaratory judgment concerning the violations committed by

Defendant specifying the rights of Plaintiff and other persons similarly situated as to the

policies, practices, procedures, facilities, goods and services provided by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief from the Court:

A.     Certify this case as a class action;

B.     Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring

Defendant to alter its facility making such facility readily accessible to and usable to

individuals with disabilities, and 3) compelling Defendant to make all necessary modifications

to Defendant's policies or practices so that Plaintiff will not be subject to further discrimination

in violation of New York State Human Rights Law, New York City Human Rights Law, and

Title III of the ADA.

C.      Enter declaratory judgment, specifying Defendant ADA and New York state law violations and declaring the rights of Plaintiff and other persons similarly situated as to Defendant's policies, practices, procedures, facilities, goods and services offered to the public.

D.      Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* violation.

E.      Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.      Award statutory damages in the amount of $500 for each of Defendant's violation of New York State Civil Rights Law § 40-c and 40-d.

G.      The court retain jurisdiction over the Defendant until the court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

H.      Award Plaintiff compensatory damages in the amount of $10,000 for Defendant's discrimination in violation of New York State Human Rights Law.

I.      Award Plaintiff compensatory damages in the of $10,000 for Defendant discrimination in violation of New York City Human Rights Law.

J.      Award plaintiff punitive damages in the amount to be determined by the jury for Defendant reckless disregard of Plaintiffs' civil rights and their intentional discrimination in violations of New York City Human Rights Law.

K.      Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

L.      For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

14

Dated: April 27, 2017

                                                     LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X                                            

JAMES E. BAHAMONDE, ESQ.

Attorney for the Plaintiff(s)
Tel:  (646) 290-8258
Fax: (646) 435-4376
E-mail:  James@CivilRightsNY.com

Pursuant to 22 NYC RR 130-1.1, the undersigned, an attorney admitted to practice in the State of New York, certifies that, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a.